**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2010 APR -8 PM 2: 47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BRUCE L. JENNINGS,

        Plaintiff,

v.

ERIC H. HOLDER, JR., as Attorney
General of the United States, in his official
capacity; the UNITED STATES
DEPARTMENT OF JUSTICE; UNITED
STATES ATTORNEY'S OFFICE FOR
THE MIDDLE DISTRICT OF FLORIDA;
and A BRIAN ALBRITTON, as United
States Attorney for the Middle District of
Florida, in his official capacity

        Defendants.

Case No.:

6:10-cv-530-Orl-18DAB

_____/

## BRUCE L. JENNINGS' COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

      Bruce L. Jennings (hereinafter "Jennings"), as Plaintiff and a citizen of Florida for over

six years, residing in Port Orange, Florida, hereby files this, his Complaint For Declaratory Relief

and Judgment, pursuant to 28 U.S.C. § 2201 in the above-styled action by and through his

undersigned counsel and states:

### Introduction, Background and History

    1.    This is a Complaint to seek declaratory relief from the United States District

Court pursuant to 28 U.S.C. § 2201, the Equal Protection Clause of the 14th Amendment of the

United States Constitution, the Due Process Clause and applicable Equal Protection provisions of the 5th Amendment of the United States Constitution and the 2nd Amendment of the United States Constitution, in which all of the Defendants, by and through the United States Attorney's Office for the Middle District of Florida-Orlando Division and their representative attorneys, including other Divisions within the Department of Justice (hereinafter, the "Government"), have refused to comply with the constitutional rights of Jennings as described above and in connection with 18 U.S.C. § 921(a)(20) and 18 U.S.C. § 921(a)(33)(B)(ii), and in doing so, have assured and threatened to arrest and prosecute Jennings should he exercise his constitutional rights and come into possession of a firearm, despite Jennings' right and desire to immediately possess firearms under federal law and the Second Amendment, a fundamental right.    Jennings seeks a declaration by this Court that he has, under the Constitution and federal law, a right to possess firearms; and, he seeks declaratory relief in this proceeding rather than testing the Government's promise to arrest and prosecute and then having to assert his rights and challenge the Government's actions in a criminal proceeding.

2.     On October 17, 1985, as part of a plea agreement, Jennings pled *nolo contendere* to a misdemeanor violation of California Penal Code §245(a) (assault against his wife) before the Superior Court of the State of California, County of San Bernardino.

3.     In 1996, Congress amended the Gun Control Act making it unlawful for anyone convicted of this type of assault (referred to as a "MCDV" violation) to "...ship or transport in interstate or foreign commerce, or possess in or affecting commerce .... " *See* 18 U.S.C. §922(g)(9).  For purposes of 18 U.S.C. §922(g)(9), however, a person shall not be considered to have been "convicted" of a MCDV violation, and shall therefore be entitled to possess firearms, if: the conviction has been expunged or set aside unless the expungement or set aside "expressly"

provides that the expunged party may not possess or receive firearms. If there is no express prohibition against possession of firearms in the expungement and set aside order, then a person (like Jennings) may possess firearms. 18 U.S.C. §921 (a)(33)(B)(ii). This applies to Jennings, both as an individual who desires to possess personal firearms and as a manufacturer and distributor of firearms who held a federal firearms license and who wishes to resume work in this business.

      4.    On December 8, 2005, Jennings did in fact receive a <u>ACorrected Order Expunging Conviction *NUNC PRO TUNC* To October 18, 1987*</u>", in which the Presiding Superior Court Judge of the County of San Bernardino, California, set aside Jennings' conviction and "Ordered," *inter alia*, "...that the relief granted to the petitioner (Jennings) in accordance with California *Penal Code* Section 1203.4a be entered *nunc pro tunc* to October 18, 1987, under the statute and law that existed on October 18, 1987, to wit: Section 1203.4a of the California *Penal Code*." The Presiding Judge also Ordered the Clerk to notify the California Department of Justice of the Court's corrected Order superseding an earlier expungement and set aside Order and of the relief granted to Jennings on December 8, 2005.

      5.    As it stood through September of 2009, Jennings was not prohibited nor "expressly" prohibited from possessing a firearm under California state expungement law because Section 1203.4a contained no prohibition against any expungee under that statute in 1987 from possessing a firearm. Accordingly: pursuant to 18 U.S.C. § 921(a)(33)(B)(ii)(2007), Jennings correctly believed in and asserted his right to possess a firearm because he was exempt from the prohibitions of 18 U.S.C. § 922 (g)(9). Despite the fact that Jennings, as a matter of state and federal law, was entitled to possess firearms under Section 1203.4a and Section

922(g)(9), the Government Defendants threatened to have him prosecuted if he exercised his constitutional and statutory rights to possess a firearm in his home in Florida for his personal safety and to accept a job in the firearms industry which, today, remains open to him if he prevails in this action.   Accordingly, suit was brought against the Government in this District in the matter of Jennings vs Michael Mukasey, et al, Case Number: 6:08-cv-833-Orl-31GJK before the Honorable United States District Judge Gregory A. Presnell, seeking declaratory relief.  In that matter and in "Document 24" filed on September 22, 2008, the Court concluded, *inter alia,* that it had jurisdiction to hear the merits of the case and that Jennings had met "standing" requirements and that "sovereign immunity" would not bar the action for declaratory relief.

6.     In response to the fact that the Government was able, itself, to read the plain meaning of California Penal Code Section 1203.4a in light of 18 U.S.C. §921(a)(33)(B)(ii), rendering Jennings' right to possess firearms absolute, the Government Defendants contacted the Civil Appeals Division of the San Bernardino, California District Attorney's Office to move to set aside the Order issued by the Court on December 5, 2005 on the grounds Jennings' expungement relief under Penal Code Section 1203.4a was not available to him because he had received *probation* on a *misdemeanor conviction* in 1985, and therefore, he was only entitled to expungement relief under Penal Code Section 1203.4(a), which language contained a separate paragraph prohibiting possession of a concealed firearm.

7.     In April of 2009, the Superior Court of San Bernardino County, California, agreed and set aside its December 5, 2005 Order and reinstated the original Order of Expungement

entered in September of 1999 *nunc pro tunc* under Expungement Penal Code Section 1203.4(a).

8.     In light of the Order issued by the Superior Court in April of 2009, on May 11, 2009 Jennings filed in this Court an "Unopposed Motion to Dismiss Complaint Without Prejudice" pursuant to Rule 41(a)(2). This was done in order to return to the Superior Court of San Bernardino, California to ask that court to consider, among other things, that its order reinstating Jennings to an expungement provision under Section 1203.4(a) (prison sentence with probation) containing language prohibiting the right to possess firearms, as opposed to Section 1203.4a, which contained no provision of any kind prohibiting possession of firearms, violated Jennings' right to posses firearms on several grounds. Those grounds included, but were not limited to : *First*, the provisions generally under Section 1203.4 as applied to Jennings, contain and continue to contain an impermissible classification in violation of the Equal Protection Clause among misdemeanants convicted of the same offense, one getting probation (like Jennings under Section 1203.4(a) and unable to possess firearms), the other (under Section 1203.4a)  getting a jail sentence without probation and not prohibited from possession of firearms; and *Second,* that Section 1203.4(a) was actually intended for felons who received prison sentences and parole (not misdemeanants like Jennings) and, therefore, the provisions prohibiting possession of a concealed weapon are inapplicable to Jennings.

9.     Jennings also requested dismissal *without prejudice* because under prudential considerations of jurisdiction and abstention, it appeared to Jennings and his counsel that the State Court, if it agreed it had continuing jurisdiction to modify its reinstated Order back to September of 1999, would be the appropriate court to hear the matter and decide the substantive

constitutional and statutory issues being raised under state and federal law.  On May 5, 2009, the

Court in <u>Jennings vs Mukasey</u> (ADocument: 31") issued an Order granting the Motion to Dismiss

*without prejudice.*

      10.     As Jennings had represented to the District Court, he returned to the Superior

Court of San Bernardino, California in August of 2009 seeking an Order to modify its 1999 prior

Expungement Order expressly allowing Jennings to possess firearms under California law in

order to comply with the intent of the state law and Equal Protection Clause of the 14th

Amendment, the 5th Amendment Due Process Clause of the Constitution, as well as the 2nd

Amendment. Jennings filed his moving papers and authorities and set the matter for hearing in

October of 2009, providing ample time for the State of California to respond.  The matter was

assigned to a new Judge.  The hearing and oral argument were rescheduled and heard on

December 9, 2009.

      11.     At the hearing, the court indicated that it was familiar with all the issues, but was

concerned that the court did not have continuing jurisdiction of the matter in the original

Jennings criminal proceedings, which, in actuality, began in 1995 and included the Expungement

Order through September 1999.  The court indicated that it would first need to resolve the

jurisdictional matter, which it took under advisement.  The court further stated on the record that

if it determined that it could not hear the substantive state and federal constitutional and

statutory issues in the criminal docketed proceeding that began in 1985, that Jennings was

certainly free to file a separate new lawsuit challenging the state and federal constitutional and

statutory issues that were before the Superior Court, which issues before it involving Jennings

had never been addressed by any court before, particularly in view of the ruling in *District of*

*Columbia vs Heller* in 2008; that is, the standards to be applied in equal protection challenges

were no longer necessarily governed by a "rational relationship" analysis, but may require

second tier or even "compelling state interest" to justify classification and discrimination against

someone in Jennings' situation.   The matter of whether the 2nd Amendment is a fundamental

right extending to the States is now pending before the Supreme Court of the United States in

*McDonald v. City of Chicago*: No. 08-1521.   Jennings contends in the case before this Court that

the 2nd Amendment is fully applicable to the States as it is to the District of Columbia (*Heller*)

and that the blatant discrimination against him under California state law as it stood in 1987, and

enforcement interpretations by the Defendants United States Department of Justice violate all of

Jennings' constitutional rights as alleged herein.

  12. The State of California admitted in proceedings and its briefs before the San

Bernardino County Superior Court in December of 2009 that it could not point to any California

legislative history to justify the irrational treatment of allowing a citizen convicted of a

misdemeanor  (the exact offense as Jennings) who received a jail term of less than one year

without probation to possess firearms while allowing a person such as Jennings who received a

jail sentence and  probation no right under the statute to possess firearms under the respective

expungement provisions set out in Penal Code Expungement Section 1203.4.   The statutes, on

their face, discriminate with no rational basis or state legislative justification and violate a

fundamental right of Jennings under the 2nd Amendment, the Equal Protection Clause of the 14th

Amendment and the Due Process Clause under the 5th Amendment of the United States Constitution.   More to the point, not only is the application of Sections 1203.4 to Jennings irrational, without a scintilla of legislative justification provided on any record, the application of the statutes to Jennings prohibiting his right to possess firearms lacks any compelling state interest for doing so.   Against this backdrop, Jennings seeks, immediately, to own a firearm for his personal safety in his home and immediately resume work as a machinist in the firearms industry; he seeks declaratory relief of his federal and state rights through this Court to avoid having to test those rights in a federal criminal proceeding, which has been assured and threatened by Defendants, if he does so.

13.     After taking the matter under advisement in January of 2010, the San Bernardino County Superior Court issued an Order stating that the Court no longer had jurisdiction to hear the new matters being raised by Jennings and dismissed the "Motion for Modification of Expungement Order." The January 2110 Order of the Superior Court is a final order.   Jennings comes now before this Court to challenge the application of the various statutes in question under federal and state law through declaratory relief.

### Jurisdiction and Venue

14.     This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as the Complaint and controversy arises under the laws of the United States, including the 2nd Amendment, the 14th Amendment and the 5th Amendment of the Constitution of the United States of America.

15.     This Court has further jurisdiction over the dispute pursuant to 28 U.S.C. §2201,

which authorizes this Court to issue a declaration of rights with respect to federal questions: that is, the rights of Plaintiff Jennings pursuant to the relevant federal firearms statutes as they apply to Jennings, and the Defendants' obligation to obey them.   In doing so, this Court may decide the constitutional rights of Jennings under the 14th Amendment's Equal Protection Clause, the 5th Amendment's Due Process Clause and Jennings' rights under the 2nd Amendment of the Constitution of the United States.

16.     Venue is proper before this Court pursuant to 28 U.S.C. §1331(b) because the United States Attorney and his Office for the Middle District of Florida-Orlando Division and the Department of Justice Division of Alcohol, Tobacco and Firearms with offices in Tampa, Florida and throughout the Middle District of Florida, have made the threats to prosecute Jennings should he come into possession of any firearm and exercise his constitutional rights as set forth herein. Jennings resides in this District, that is: Port Orange, Florida, and a substantial part of the events and threats giving rise to Jennings' Complaint have occurred in this District and the Orlando Division and Jennings, according to the Government Defendants, would be prosecuted in this District if he possessed a firearm in his home in Port Orange, Florida.

17.     This Court has supplemental jurisdiction over any state law claims and disputes relevant to the federal questions raised herein pursuant to 28 U.S.C. §1367(a).

## Parties

18.     Jennings resides in Port Orange, Florida and has been a resident of the Middle District of Florida for over six years.   The Honorable A. Brian Albritton, Esq., is the United States Attorney for the Middle District of Florida, whose office resides and is located in Orlando, Florida and throughout the District, on whom service may be accomplished at the United States

Attorney's Office for the Middle District of Florida, 501 West Church Street, Suite 300, Orlando, Florida. 32805. The Defendant Attorney General of the United States, the Honorable Eric H. Holder, Jr. Esq. and the Department of Justice may be served at 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530.

<u>Facts</u>

19.　　Jennings incorporates as if fully set forth herein the facts, allegations and all pleading both previously and hereafter set forth in this Complaint.

20.　　From in or about 1981 through 1999, Jennings possessed a Federal Firearms License and was lawfully engaged in the firearms business in Nevada, doing business as B.L. Jennings, Inc., a firearms distributor. By trade, Jennings learned the industry from his father and became a skilled machinist with firearms.

21.　　In or around April 19, 1985, Jennings struck his wife with his hand and was charged in San Bernardino County, California with assault by means likely to produce great bodily injury in violation of California Penal Code §245(a).

22.　　On October 17, 1985, as part of a plea agreement, Jennings plead *nolo contendere* to a misdemeanor violation under §245(a) of the California Penal Code. Like federal law, *no contest pleas* in California are treated as guilty pleas.

23.　　Jennings was sentenced to 90 days in a local jail and 24 months supervised probation, among other things (e.g., a fine and care/support for his wife and children).

24.　　Jennings complied in all respects with the state court's Sentencing Order and

fulfilled each and every obligation owed to the court and his then wife and mother of their children. He went further than the Court requested. He devoted much of his resources to helping his former wife start her own successful business and to this day, has remained a close friend to his former wife and child (one child passed away several years after this event).

25.    At the time of Jennings' sentence in 1985, the Court "withheld pronouncement of judgment." Jennings was, at all times up through 1999, under the impression from his then counsel and the Court that after compliance with Probation, the case was to be dismissed and he would not have a conviction or a record.   This misunderstanding, although not pertinent to the constitutional resolution of this case, is relevant because of the history of the Government attempting to raise matters about Jennings that are untrue and used to attack his character.

26.    From the date Jennings successfully completed his probation on October 17, 1987, Jennings continued to conduct his firearms business in Nevada and was at all times under the impression he did not have a conviction. At all times thereafter until early 1999, Jennings' company, B.L. Jennings, Inc., continued in good standing with the Bureau of Alcohol, Tobacco and Firearms (hereinafter "BATF") and conducted its business in a lawful and honorable manner, as did Jennings in his individual capacity.

27.    In or around early 1999, Jennings received notice from the BATF that it had determined that Jennings had a conviction on his record and that it was a ground to revoke his business license under the 1996 amended Gun Control Act, 18 U.S.C. §922 (g)(9); namely, revocation pursuant to Jennings' MCDV 1985 conviction for assault.

28.    Shortly after receiving the above-referenced Notice for possible revocation of his

company's firearms license, he spoke with a representative of the BATF, Senior ATF Assistant Chief Counsel, Larry Nickell, who informed him that in light of the circumstances, if he were to obtain an "expungement" of his 1985 misdemeanor conviction from the Superior Court of California, that would likely solve the problem with his license with the BATF.

29.     Jennings remained confused as to why he still had a "conviction" on his record in light of his successful completion of his probation, and consulted private counsel in California to assist him in obtaining the so-called "expungement." He had, prior to his conversation with the BATF official, never heard of the term "expungement" nor "set aside," nor did he understand what these terms meant.

30.     The public's confusion and ignorance of the expungement and set aside requirements under California law has been and remains a problem for the California criminal justice system. In a strongly worded critique of California Superior Court judges and criminal defense attorneys, the California Supreme Court urged its state courts and the defense bar to remove the complexity and confusion experienced by individuals such as Jennings by explaining to defendants the need to obtain expungement orders to remove convictions. *People v Navarro* (1972) 7 Cal.3d 248, 279-89. The problem in California has now been corrected because the Courts are required, by statute, to make clear on the record that expungement of records are separate proceedings and not automatic, as Jennings had believed in 1985 and thereafter.

31.     On September 23, 1999, Jennings sought and received an expungement of his conviction through other counsel before the Superior Court of California. The Order issued by

the Superior Court was made effective, *nunc pro tunc*, to 1987. Jennings believed the expungement allowed him to continue to possess firearms and work in his business, just as Defendant ATF Larry Nickelll told him it would. The Order issued by the Court on September 23, 1999 provided relief under **Section 1203.4(a)** of the California *Penal Code* and not **Section 1203.4a**. of the *Penal Code*. Unaware there might be a distinction in the two companion expungement statutes, Section 1203.4(a) indicates that possession of a concealed firearm is not available to an expungee under this provision. Section 1203.4a, however, makes no mention of any prohibition of firearms to an expungee, rendering the expungee under Section 1203.4a eligible to possess firearms under 18 U.S.C. § 921(a)(33)(B)(ii), that is, excepting him from §921(g)(9) criminal prohibitions. In fact, Section 1203.4(a) of the California Penal Code is the wrong expungement provision for someone, like Jennings, who has a misdemeanor conviction. The statute, Section 1203.4(a) of the Penal Code, appears to apply (to the extent there is any logical legislative history) only to felons, not misdemeanants. This is further irrationally applied because someone charged with the identical crime and conviction as Jennings ( a misdemeanor) could receive a straight jail term (up to one year) and no probation and then obtain an expungement order under §1203.4a and not §1203.4(a) and be entitled to possess firearms, as the law stood in 1987. The result is irrational and not supported by any California legislative history whatsoever. If that is the correct reading of the law, however, it very clearly violates Jennings' rights under the Equal Protection Clause of the 14th Amendment, the 2nd Amendment and the 5th Amendment Due Process Clause in view of Defendants' assurance of prosecution if Jennings exercises his constitutional right to possess a firearm for personal safety in his home and in his

work.

32.    On March 25, 2003 the BATF revoked Jennings' license and refused to accept the
Expungement Order of September 23, 1999 from the Superior Court of California.

33.    On May 23, 2003, Jennings' Nevada counsel filed a Petition for Judicial Review
pursuant to 18 U.S.C. §923(f)(3) alleging, in part, that Jennings' California counsel made a
mistake in his expungement petition by seeking expungement relief under Section 1203.4(a)
rather than 1203.4a of the California Penal Code.  The Nevada District Court subsequently
refused to consider the argument that a mistake was made and upheld the BATF revocation.

34.    Jennings sought relief from the United States Court of Appeals for the 9th
Circuit in or around September of 2005.  After submitting its Opening Brief, on or about
November 21, 2005, Jennings returned to the Superior Court of California in December of 2005
to seek a (Proposed) Corrected Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987
in light of the mistake and/or error made by Jennings' former counsel in 1999.  In December of
2005,   Jennings asked for a hearing, and gave notice to the local District Attorney's Office
regarding its request for a modification of the 1999 Expungement Order.  The Court granted the
Motion without the requested hearing without the hearing Jennings had sought and no objection
was raised by the State.  The December 2005  Order modified Jennings Expungement Order to
reflect Expungement under Section 1203.4a,  *nunc pro tunc* to October 18, 1987, the date
Jennings was by law eligible to have his record expunged.

35.    On January 20, 2006, the Ninth Circuit authorized Jennings to file an Amended
Opening Brief and to allow the panel to decide whether it wished to hear evidence outside the

administrative record and the record from the District Court: that is, the corrected superseding expungement Order under §1203.4a from the Superior Court of San Bernardino executed and entered on December 8, 2005.

36.     In its ruling and Opinion filed December 20, 2007, the Ninth Circuit ruled that "...for simplicity purposes, we refer to section 1203.4 instead of the subsection 1203.4(a)." The Ninth Circuit further denied Jennings' motion to consider the California Superior Court's superseding corrected expungement and set aside Order executed and dated December 8, 2005 because it was not relevant to the judicial proceeding, which was only a review of the BATF" March 25, 2003 final decision to revoke Jennings' firearms license.  In simple terms, the Ninth Circuit ruled that events after the BATF record closed on March 25, 2003 would not be considered by the Ninth Circuit or the District Court.   The Ninth Circuit upheld the Administrative Order in Jennings case before the ATF without ruling on the Corrected Order of the Superior Court in December of 2005.

37.     Jennings brought suit in this Court thereafter, having been threatened with prosecution if he possessed firearms for his personal safety in his home or with a firearms company where he wanted to seek work.  The case before the Middle District of Florida was captioned:  *Jennings v Mukasey*, Case No. 6:08-cv-833-Orl-31GJK.   After initial motions brought by the Government, the Court issued its ORDER in ADocument 24" on September 22, 2008 authorizing the case to go forward.   The Government, recognizing it might lose the case, asked the Appellate Division of the San Bernardino District Attorney's Office to seek to modify and overturn the Order of December 2005 and reinstate the Order of September of 1999. The

Superior Court held a hearing and agreed to reinstate the Original Order of September of 1999 returning Jennings to his expungement relief under Section 1203.4(a).

38. Jennings moved the U.S. District Court in *Jennings vs Mukasey* for a voluntary dismissal on May 11, 2009 and the District Court granted the Motion to Dismiss *without prejudice* on May 12, 2009 (ADocument 31") so that Jennings could return to the Superior Court to seek modification of his Order authorizing possession of firearms and raising equal protection and due process grounds, among others, for the modification. As set forth above, the Superior Court of California issued a final order indicating it did not have continuing jurisdiction under the criminal case to hear the constitutional and statutory challenges. In that hearing, the Court suggested to Jennings that he bring a new action to seek the constitutional and statutory relief Jennings believes he was entitled to. That is the basis for this action.

### Claims For Relief

### First Cause of Action: Equal Protection, Due Process and 2nd Amendment

39. Jennings incorporates, as if fully set forth herein, the facts and allegations, both previously and hereafter set forth in this Complaint.

40. California Penal Code Section 1203.4(a), makes clear reference to an expungee's prohibition against possession of a concealed firearm and therefore, an express prohibition under federal law; that is Section 921(a)(33)(B)(ii) and Section 922(g)(9) under Title 18, U.S.C. Simply put, one statute (§1203.4a) allows an expungee to possess firearms under state and

federal law, the other (§1203.4(a)), does not.

41. The difference between the two statutes is simple and unlawful as applied to Jennings. Section 1203.4a applies to any misdemeanant who has not received probation. If the misdemeanant received probation, like Jennings, Section 1203.4a is unavailable to him for relief. The only other expungement relief offered to a misdemeanant, like Jennings, is Section 1203.4(a), which contains an express prohibition against possession of Firearms. Jennings contends that Section 1203.4(a) was actually intended as an expungement tool for felons, not misdemeanants like Jennings. In either case, the two statutes as applied to Jennings discriminate against him on their face. This is so because two misdemeanants convicted of the same offense under the same circumstances are treated differently if one receives probation and the other does not.

42. The Government and/or the State of California cannot point to any legislative history to explain the facial and blatant discrimination against Jennings, other than to assert the Courts are to presume the legislature knew what is was doing and intended the same. That reasoning cannot under survive even a "*rational relationship analysis*" as there is no statement by the Government or legislature in California as to its reasoning for which a court might disagree, but be obligated to follow.

43. The Government, however, has a much greater burden before it may deprive Jennings of his fundamental right to possess a firearm and his rights under the United States

Constitution.  The Government (and/or legislature), when depriving a citizen of a fundamental right as in the case of the 2nd Amendment, must demonstrate that its restrictions and discrimination meet a *"compelling state interest"* test and that the restrictions are *"reasonable"* in light of the asserted interest of the Government or the legislature.  In the case of Jennings, the Government cannot do so.  Not only is the Government unable to identify a legislative purpose for the discrimination against Jennings (because he received probation), but there is no compelling state interest to be served that the Government can point to in connection with the legislative history of the two statutes to meet that burden.    Jennings is not a felon, but a misdemeanant. He received probation. Even more perverse is the fact that the California Courts have stated that those who receive probation and succeed in the process, are more entitled to relief and return of their rights under state law  than those who do  not receive probation. On its face, Jennings' fundamental rights are being discriminated against and deprived under the Equal Protection Clause of the 14th Amendment, the Due Process Clause of the 5th Amendment and the 2nd Amendment.   The Government's threat to prosecute Jennings, should he avail himself the rights he seeks to exercise, that is:  possession of a firearm for personal safety in his home and freedom to work with a licensed firearms maker and/or distributer, would subject him to immediate prosecution, in violation of the rights set forth above.  Only this Court may protect Jennings in the exercise of his rights without first testing those rights in a criminal proceeding.

**Second Cause of Action:   Penal Code Section 1203.4(a) Applies Only To Felons**

44.     Jennings incorporates, as fully set forth herein, the facts and allegations both

previously and hereinafter set forth in this Complaint.

45.     On information and belief, the Government Defendants contend that misdemeanants granted probation were not entitled to any expungement relief in 1987, but felons are so entitled. Jennings reasserts his challenge that such discrimination is equally contrary to the fundamental rights given to Jennings under the 2nd Amendment and equally in violation of the 14th Amendment's Equal Protection Clause and 5th Amendment Due Process Clause of the United States Constitution.

### Third Cause of Action:   Government's Refusal to Comply With 10-Year Ban

46.     California Penal Code Section 12021(c)(1) provides, in pertinent part, that any person convicted of a misdemeanor (including a §245 misdemeanor like Jennings) may possess a firearm after 10 years from the date of conviction.   Jennings was convicted in 1985, some 25 years ago.  Accordingly, by operation of law under the legislative amendments to Section 12021, 1999 Regular Session, Chapter 662 and Section 17 of the Penal Code of California, Jennings is entitled to now possess firearms. Deerings California Codes, Advance Legislative Service, 1999, No. 8, Chapters 601-825,   (Lexis Law Publishing), setting forth the 1999  amendments to Section 12021(c)(1) of the California Penal Code rendering Jennings eligible to posses firearms since the enactment of this law in 1999 and thereafter.

47.     The Government ignores the plain meaning of this statute and in doing so, violates Jennings right to Equal Protection, Due Process and his fundamental right to possess firearms under the 14th Amendment, the Due Process Clause of the 5th Amendment and the 2nd

Amendment.

48.      Jennings therefore seeks Declaratory Relief from this Court finding that Jennings' rights under the Equal Protection Clause of the 14th Amendment, the Due Process Clause of the 5th Amendment and the 2nd Amendment have been violated by the Government.

## Prayer For Relief

WHEREFORE, Plaintiff Jennings respectfully asks that this Court enter a judgment in favor of Jennings and against the Defendants as follows:

1.      Declaring the Second Amendment of the Constitution as applied to the states creates a fundamental right in each citizen to possess firearms that cannot be taken by the Government absent a compelling state interest to do so and that to the extent an interest does exist, the restrictions taken must be both reasonable and narrowly drawn to carry out the limited compelling interest of the Government;

2.      Finding that the Government Defendants have wrongfully applied the law to Jennings in that Section 1203.4(a) and 1203.4a create an impermissible classification against those convicted of identical  misdemeanors with different sentences;  that is:  there is no rational basis to discriminate against Jennings under the 1987 provisions of the Section 1203.4(a) of the Penal Code of California simply because Jennings received Probation.  Furthermore, finding that the State of California failed to provide legislative history to explain the discrimination applied between the two misdemeanor provisions for expungement.

3.     That the Court finds and declares that even if the Government Defendants could point to some legislative intent and history to meet a rational basis test to justify discrimination against Jennings under the expungement provisions of Section 1203.4 of the Penal Code, the Government must demonstrate and set forth legislative history to warrant compliance with a higher standard of review; namely, a compelling state interest to discriminate against Jennings under Section 12034(a) of the Penal Code because a fundamental right of Jennings' under the Second Amendment of the Constitution is unconstitutionally infringed upon;

4.     That the Government Defendants, by misapplying the law under Section 1203.4(a) of the 1987 applicable Penal Code Sections, violate Jennings rights under the 14th Amendment Equal Protection Clause, the Due Process Clause of the 5th Amendment, as well as the Second Amendment of the Constitution.

5.     Declaring that apart from the constitutional questions raised by Jennings,  Jennings is entitled to posses firearms under Section 1202(c)(1) of the California Penal Code, as amended; that is: the 10-year prohibition against misdemeanants with convictions under Section 245 of the Penal Code has expired, rendering Jennings eligible to possess firearms under California law and, therefore, eligible to possess firearms under 18 U.S.C. §921(a)(33)(B)(ii).

6.     Declaring that for purposes of 18 U.S.C. §922(g)(9), a person shall not be considered to have been convicted of a violation of the law, and thereby entitled to possess firearms, if the conviction has been expunged or set aside unless the expungement or set aside expressly provides that the expunged party may not possess a firearm.  That because this Court finds that the distinction of probation to justify discrimination against Jennings is in violation of the 14th Amendment, 5th Amendment and 2nd Amendment exists, the Court declares Jennings eligible for

treatment and relief the same as a misdemeanant under Section 1203.4a of Penal Code of California and, therefore, eligible to possess firearms under that section and under §921(a)(33)(B)(ii) of Title 18.

7.      Declaring the Government's refusal to interpret, recognize and respect the constitutional and statutory rights of Jennings violates federal law, namely: 18 U.S.C. 921 (a)(33)(B)(ii), the 14th Amendment, the 5th Amendment and the 2nd Amendment to the United States Constitution.

8.      Declaring and awarding such other relief as may be just and proper in view of the Defendants' refusal to comply and obey federal statutory and constitutional law.

DATED: April 8, 2010.


/s/ Joseph N. DeBaise, II
Joseph N. DeBaise, II, Esq.
Florida Bar No.: 0022492
The Law Group of Joseph N. DeBaise, II, L.L.C.
600 North Thacker Avenue; Suite B5
Kissimmee, Florida 34741
Phone/Fax Number: (407) 994-2975
Email: jdebaise@cfl.rr.com
Attorneys for Plaintiff, BRUCE L. JENNINGS

James C. Sabalos, Esq.
CA Bar No. 182545, *pending Pro Hac Vice*
1400 Bristol Street N., Suite 270
Newport Beach, CA 92660
Tel: (949) 355-6084 or (949) 442-8942
jimsabalos@hotmail.com; janelle@gladychlaw.com
Trial Counsel for Plaintiff, BRUCE L. JENNINGS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed with the Clerk of The United States District Court for the Middle District of Florida, Orlando Division, the foregoing Bruce L. Jennings' Complaint For Declaratory Relief and Judgment, on this 8th day of April, 2010, by using the CM/ECF system which will automatically send copies of this motion to all counsel of record.

s/ Joseph N. DeBaise, II
Joseph N. DeBaise, II, Esquire
Florida Bar No.: 0022492
The Law Group of Joseph N. DeBaise, II, L.L. C.
600 North Thacker Avenue; Suite B5
Kissimmee, Florida 34741
Phone/Fax Number: (407) 994-2975
Attorney for Plaintiff