**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUCE L. JENNINGS,**

           **Plaintiff,**

**-vs-**        **Case No. 6:10-cv-530-Orl-31DAB**

**ERIC HOLDER, JR., in his capacity as Attorney General of the United States; THE UNITED STATES DEPARTMENT OF JUSTICE; THE UNITED STATES ATTORNEY'S OFFICE FOR THE MIDDLE DISTRICT OF FLORIDA; and A. BRIAN ALBRITTON, in his capacity as United States Attorney for the Middle District of Florida,**

           **Defendants.**
_____/

## ORDER

On February 23, 2011, this Court ordered the Plaintiff, Bruce Jennings, to show cause why two of Jennings' three causes of action should not be dismissed for lack of subject matter jurisdiction, in that Jennings was asserting that the state of California had violated his constitutional rights, but California was not a party to the instant suit. (Doc. 57). Jennings filed his response (Doc. 58), and the Defendants filed a reply (Doc. 58) to that response.

Jennings lost his right to possess firearms as the result of a misdemeanor conviction under California law. *See* 18 U.S.C. § 922(g)(9). The federal statute at issue provides that a person in Jennings's position can regain gun rights if the underlying conviction has been expunged. 18 U.S.C. § 921(a)(33)(B)(ii). Jennings has made several unsuccessful efforts to have the conviction

expunged. In the instant suit he contends that in the area of expunging convictions, the state of California impermissibly discriminates against misdemeanants who have been sentenced to a period of probation, as he was, by making it harder for them to have their convictions expunged. He raises two Equal Protection challenges in his Complaint. The first is based on the allegedly unequal treatment provided to members of his class when compared to misdemeanants who were not sentenced to probation; the second is based on the allegedly disparate treatment provided to misdemeanants and felons.

Jennings argues that California is not a necessary party to these proceedings for two reasons. He asserts that it is the Defendants that are threatening him if he attempts to possess a firearm, not California. And he points out that the Defendants have stated that they do not recognize the expungement he seeks as being sufficient to meet the requirements of 18 U.S.C. § 921(a)(33)(B)(ii). Because of this, he says, he would still face the threat of arrest if California were to provide the expungement he has sought. These assertions are correct up to a point, but they are not relevant to the issue of subject matter jurisdiction.

Jennings admits that he has not received an expungement that would qualify him for relief under 18 U.S.C. § 921(a)(33)(B)(ii). He asserts that California was constitutionally obligated to provide him with such an expungement. Assuming this to be true, the threatened injury – *e.g.*, Jennings's arrest by agents of the Defendants if he possesses a firearm – would result from the independent action of California in wrongfully denying him his expungement. So long as California is not a party to this suit, Jennings lacks standing to pursue (and this Court lacks subject matter jurisdiction over) his expungement-related claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (requiring that the injury be traceable to action of the defendant rather

than independent action of some third party not before the court). This applies to both of his first two causes of action, which grow out of the allegedly wrongful denial of an expungement.

If the Court determines he lacks standing to pursue his first two causes of action, Jennings says, he should be permitted to amend his complaint to add the state of California as a party. However, the Court finds that such an amendment would be futile. The Eleventh Amendment precludes Jennings from compelling a state to appear in federal court, and he admits that the state of California was previously notified of this action and declined to participate. (Doc. 58 at 1).

In consideration of the foregoing, it is hereby

**ORDERED** that the first two causes of action in the Complaint (Doc. 1) are **DISMISSED** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party