UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRUCE L. JENNINGS,**

                    **Plaintiff,**

-vs-                                                    Case No.  6:10-cv-530-Orl-31DAB

**ERIC HOLDER, JR., in his capacity as**
**Attorney General of the United States; THE**
**UNITED STATES DEPARTMENT OF**
**JUSTICE; THE UNITED STATES**
**ATTORNEY'S OFFICE FOR THE**
**MIDDLE DISTRICT OF FLORIDA; and A.**
**BRIAN ALBRITTON, in his capacity as**
**United States Attorney for the Middle**
**District of Florida,**

                    **Defendants.**
_____/

## ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings (Doc. 48) filed by the Defendants and the response (Doc. 53) filed by the Plaintiff, Bruce L. Jennings ("Jennings"). In his Complaint (Doc. 1), Jennings asserted three so-called "causes of action". By previous order (Doc. 60), this Court dismissed Jennings's first two causes of action for lack of subject matter. As such, Jennings's third cause of action is the only one whose legal sufficiency is presently at issue.

**I.     Background**

Jennings is the former owner and president of B.L. Jennings, Inc., which held a Federal Firearms License ("FFL"). In 1985, he was convicted in California state court of a misdemeanor

charge of assault on his wife. At that time, 18 U.S.C. § 922(g) prohibited felons from possessing a firearm, but the prohibition did not apply to those convicted of misdemeanors. In 1996, however, Congress extended Section 922(g)'s prohibition to include persons convicted of a "misdemeanor crime of domestic violence" ("MCDV"). *See* 18 U.S.C. § 922(g)(9). The crime of which Jennings was convicted qualified as an MCDV.

The Bureau of Alcohol, Tobacco, and Firearms ("ATF") is required to deny an FFL to anyone prohibited from possessing a firearm by 18 U.S.C. § 922(g)(9), or to any company controlled by such a person. 18 U.S.C. § 923(d)(1)(B). In 1999, after it became aware of Jennings's 1985 MCDV conviction, ATF notified him that it was revoking his company's FFL.

Federal law provides an avenue for persons convicted of an MCDV to regain their right to possess a firearm and, by extension, their ability to qualify for an FFL. A person shall not be considered to have been convicted of an MCDV for purposes of 18 U.S.C. § 922(g)(9) if the conviction "has been expunged or set aside . . . unless the [expungement or setting aside] expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.§ 921(a)(33)(B)(ii). Shortly after receiving the notice of revocation, Jennings returned to California state court and obtained an order (henceforth, the "1999 Order") purporting to expunge his conviction *nunc pro tunc* to October 18, 1987.[1]

In June 2001, B.L. Jennings, Inc. applied for renewal of the FFL. ATF determined that the 1999 Order did not bring Jennings within the 18 U.S.C. § 921(a)(33)(B)(ii) exception. As a result,

---

[1] According to the Complaint in the instant case, October 18, 1987 was the first date on which Jennings was eligible, under the terms of the pertinent statute, to have his 1985 conviction expunged. (Doc. 1 at 14).

ATF found, Jennings was still prohibited by 18 U.S.C. § 922(9)(g) from possessing a firearm, and the company he controlled still did not qualify for an FFL.

Jennings sought judicial review of the denial, but it was upheld by a Nevada District Court. On appeal, the United States Court of Appeals for the Ninth Circuit also affirmed the denial. *See Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007). The appellate court found that the 1999 Order had not accomplished an expungement – and therefore the 18 U.S.C. § 921(a)(33)(B)(ii) exception did not apply – because Jennings remained subject to reporting obligations and penalties resulting from the 1985 MCDV conviction. *Id.* at 898-99.

## II. Analysis

Jennings's third cause of action reads as follows:

> California Penal Code Section 12021(c)(1) provides, in pertinent part, that any person convicted of a misdemeanor (including a § 245 misdemeanor like Jennings) may possess a firearm after 10 years from the date of conviction. Jennings was convicted in 1985, some 25 years ago. Accordingly, by operation of law under the legislative amendments to Section 12021, 1999 Regular Session, Chapter 662 and Section 17 of the Penal Code of California, Jennings is entitled to now possess firearms. . . .
>
> The Government ignores the plain meaning of this statute and in doing so, violates Jennings right to Equal Protection, Due Process and his fundamental right to possess firearms under the 14th Amendment, the Due Process Clause of the 5th Amendment and the 2nd Amendment.

(Doc. 1 at 19-20).

At first glance, this appears to be an argument that a state statute restoring Jennings's gun rights trumps a federal statute that prohibits him from possessing a firearm. Such an argument would clearly be barred by the Supremacy Clause. However, in his response to the instant motion,

Jennings contends that the state statute entitles him to relief under 18 U.S.C. § 921(a)(33)(B)(ii), which provides that

> A person shall not be considered to have been convicted of [an MCDV] for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Jennings contends that, by restoring his gun rights, California Penal Code Section 12021(c)(1) restored his civil rights, qualifying him for the 18 U.S.C. § 921(a)(33)(B)(ii) exemption. The Defendants argue that this contention is barred by the doctrine of claim preclusion, as it should have been raised when Jennings challenged ATF's denial of his company's FFL before the Nevada District Court and the Ninth Circuit Court of Appeals.

    The doctrine of claim preclusion bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit. The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). The doctrine bars a claim whenever (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Jennings asserts that claims preclusion does not apply, because the Ninth Circuit refused to consider the causes of action he now raises. At least with regard to this restoration-of-civil-rights argument, Jennings is incorrect. The Ninth Circuit refused to consider arguments based on events that took place in 2005, reasoning that the only issue before it was whether ATF's 2001 denial of the FFL was correct, and events taking place in 2005 were not relevant to that denial. *Jennings v. Mukasey*, 511 F.3d at 899-900. However, if Jennings is correct in his interpretation of California Penal Code Section 12021(c)(1), his civil rights had been restored before ATF's 2001denial. As such, that claim could have been (and should have been) brought in the earlier proceeding. The doctrine of claim preclusion therefore prohibits Jennings from raising that claim now.

Jennings makes one other argument on this score. Claim preclusion is an affirmative defense, and is generally waived unless raised in a timely fashion. *See Arizona v. California*, 530 U.S. 392, 410, 120 S.Ct. 2304, 2316, 147 L.Ed.2d 374 (2000) and Fed.R.Civ.Proc. 8(c). Jennings argues that the Defendants waived this defense by failing to raise it in their answer or previous motion to dismiss. Within this Circuit, however, such an affirmative defense may be asserted, even if not raised in the answer, so long as the opposing party has been provided sufficient notice so that it will not suffer prejudice or unfair surprise if required to address the issue. *See, e.g., Pulliam v. Tallapoosa County Jail* 185 F.3d 1182, 1185 (11th Cir. 1999) (finding that plaintiff had sufficient

notice of affirmative defense not raised in answer where jointly submitted pretrial order clearly implied the affirmative defense would be at issue during the trial).  Jennings had plenty of notice before being required to address this issue in his response to the instant motion.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Judgment on the Pleadings (Doc. 48) is **GRANTED IN PART and DENIED IN PART AS MOOT**.  The Plaintiff's third cause of action is **DISMISSED WITH PREJUDICE**.  As this was the Plaintiff's sole remaining cause of action, this case is also **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party